IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARTINEAR, ) | |
| AIS # 144612, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:03cv1270-MEF |
| ) | (WO) |
| LAMAR GLOVER, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On January 6, 2006, this court entered a Recommendation that the defendants' motion for summary judgment be granted. On page 11 of that Recommendation, this court referred to the plaintiff as "Gonzales." However, this notation was a typographical error. The notation should have referred to the plaintiff as "Martinear." Accordingly, it is

ORDERED that page 11 of the Recommendation be and is hereby CORRECTED to reflect that Martinear is the plaintiff.

The Clerk is hereby DIRECTED to substitute the attached page 11, which reflects the correct plaintiff, for the original page 11 and to provide a copy of the corrected page to the parties.

Done this 9th day of January, 2006.

                         /s/Charles S. Coody
                         CHARLES S. COODY
                         CHIEF UNITED STATES MAGISTRATE JUDGE

morning. Specifically, he alleges that the placement of twenty cups on a table endangered his health because inmates sleeping in the day room could have tampered with his juice. Martinear has failed to point to any evidence indicating that the placement of a group of juice cups on a table each morning caused him to suffer an illness or other serious misfortune. Moreover, as previously discussed, Martinear has not shown that he was deprived of the nutrition necessary to preserve health. Thus, Martinear has failed to demonstrate that he was deprived of the minimal civilized measure of life's necessities. *See Hamm*, *supr*a. Consequently, Martinear has failed to establish that the defendants acted with deliberate indifference to his health by placing juice cups in the day room at the Houston County Jail. Thus, the defendants' motion for summary judgment with respect to this claim should be granted. *See Celotex*, *supra.*

To the extent Martinear asserts that the defendants violated the state health code, his state law claim does not rise to the level of a federal constitutional violation. The court's exercise of supplemental jurisdiction over this state law claim is discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction . . . " The court's discretion is advised by *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed.